[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR CONTEMPT #162 AND DEFENDANT'S POST-JUDGMENT
CT Page 10476 MOTION FOR MODIFICATION DATED JULY 31, 2001
Many of the facts that give rise to each of these motions are not in dispute. On August 10, 2000, a Memorandum of Decision was filed in this matter following a limited contested trial. Paragraph 7 of the Memorandum of Decision provides as follows:
(7) Life Insurance
 The defendant shall repay the loan to Jefferson Pilot within four years so as to restore the policy to its maximum value. This policy is to be kept in effect until his obligation to pay child support and alimony is terminated. He is not to encumber the policy further by taking any other loans against it.
The Jefferson Pilot life insurance policy has since 1lapsed. The face amount of the Jefferson Pilot life insurance policy was $500,000. The defendant has taken out a new ten year fixed term life insurance policy in the face amount of $250,000. The defendant claims that the policy lapsed in part because of an increase in its premiums and in part because he was unable to pay the premiums. The court is not persuaded by either of these claims.
At the time the policy lapsed, its monthly premium was $450. At the time of dissolution, the defendant's financial affidavit showed his life insurance premium at a cost of $103 per week. That amounts to approximately $442 per month. The increase in the premium from $442 per month to $450 per month at best is insignificant. At the time of dissolution, the court found that the defendant had an earning capacity of $99,000 per year. On April 27, 2001, the court entered orders regarding the defendant's motion to modify child support and found that the defendant has failed to meet his burden of proving that his earning capacity has declined substantially since the date of judgment. This court also finds that the defendant has failed to prove that his earning capacity has declined.
The burden of proving inability to meet an obligation rests upon the obligor. The court finds that the defendant has failed to meet his burden of proving that he could not afford to keep the Jefferson Pilot life insurance policy in full force and effect. The court, therefore, finds that the defendant is in contempt of court. The court awards counsel fees to counsel for the plaintiff in the amount of $500 which is to be paid by September 1, 2001. The court further orders that the defendant maintain the existing $250,000 life insurance policy in accordance with the terms CT Page 10477 of the existing orders. That life insurance policy costs the defendant $69.42 per month. The court orders that the defendant immediately take steps to attempt to increase the face amount of that policy to $500,000 or to obtain a second policy in the face amount of $250,000. In the event that he is able to obtain such additional coverage or new coverage at a cost not to exceed $373 per month (the original premium for the Jefferson Pilot life insurance policy of $442 per month less the present premium of $69 per month), then he is to immediately obtain such additional or new coverage. He is to keep counsel for the plaintiff informed in writing of his efforts to obtain such additional or new coverage. Depending upon the cost of such additional coverage, or new coverage, and whether he has obtained such coverage will depend upon what further orders may be entered as a result of his allowing the Jefferson Pilot insurance policy lapse.
The defendant's post-judgment motion for modification is denied since the defendant has failed to prove a substantial change in circumstances.
 ______________ AXELROD, JUDGE